**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JACK WOLF, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

SHUTTERFLY, INC., RYAN O'HARA, THOMAS D. HUGHES, WILL LANSING, EVA MANOLIS, ANN MATHER, ELIZABETH RAFAEL, ELIZABETH SARTAIN, H. TAYLOE STANSBURY, BRIAN SWETTE, and MICHAEL ZEISSER,

Defendants.

Case No. 1:19-cv-01387-LPS
Hon. Judge Leonard P. Stark

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY BILL SPURLOCK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

Introduction .......... 1

Relevant Factual and Procedural Background .......... 1

Argument .......... 3

I. Spurlock Should Be Appointed Lead Plaintiff .......... 3

A. The Notice Satisfies the PSLRA's Requirements .......... 3

B. Spurlock's Motion is Procedurally Complete .......... 3

C. Spurlock Has the Largest Known Financial Interest .......... 4

D. Spurlock Meets Rule 23's Typicality and Adequacy Requirements .......... 5

II. The Court Should Approve Spurlock's Selection of Monteverde As Lead Counsel .......... 6

Conclusion .......... 8

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Campbell v. Transgenomic, Inc.*,
No. 4:17CV3021, 2017 U.S. Dist. LEXIS 216162 (D. Neb. Aug. 9, 2017) ............................ 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................................ 6

*In re Century Aluminum Co. Sec. Litig.*,
No. C 09-1205 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) .......................... 7

*Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*,
No. 13-3935, 2013 U.S. Dist. LEXIS 115538 (E.D. La. Aug. 15, 2013) ................................ 5

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ........................................................................................ 6

*Livonia Emps. Ret. Sys. v. Talmer Bancorp, Inc.*,
No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417 (E.D. Mich. Sept. 14, 2016) ..................... 6

*Niederklein v. PCS Edventures!.com, Inc.*,
No. 1:10-cv-00479-EJL, 2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ................. 7

*Patel v. Zoompass Holdings, Inc.*,
No.: 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017) ........................ 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Dynegy, Inc*,
226 F.R.D. 263 (S.D. Tex. 2004) ........................................................................................ 7

*In re Schering Plough Corp. ERISA Litig.*,
589 F.3d 585 (3d Cir. 2009) ............................................................................................... 6

*Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.* ),
258 F.R.D. 260 (S.D.N.Y. 2009) ........................................................................................ 6

*Varjabedian v. Emulex Corp.*,
888 F.3d 399 (9th Cir. Apr. 20, 2018) ................................................................................ 7

*Zucker v. Zoran Corp.*,
No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006) ................. 6

**Statutes and Other**

15 U.S.C. § 78n(a) .......................................................................................................... 1

15 U.S.C. § 78u-4 .................................................................................................. *passim*

H.R. Rep. No. 369, 104th Congress, 1st Sess. 31, 1995 U.S.C.C.A ........................................... 8

## INTRODUCTION

Plaintiff Bill Spurlock ("Spurlock") respectfully submits this Memorandum of Law in support of his motion to appoint Spurlock as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), approve Spurlock's selection of the law firm of Monteverde & Associates PC ("Monteverde") to serve as Lead Counsel, and grant such other and further relief as the Court may deem just and proper.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2019, Spurlock filed an individual complaint in the Southern District of New York alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78n(a) and 78t(a), in connection with the acquisition (the "Transaction") of Shutterfly, Inc. ("Shutterfly") by Apollo Global Management, LLC ("Apollo"). *Spurlock v. Shutterfly, Inc. et al*, Docket No. 1:19-cv-06836 (S.D.N.Y. Jul 23, 2019) (the "Spurlock Action") (ECF No. 1).

On July 26, 2019, Plaintiff Jack Wolf ("Plaintiff Wolf") filed the above-captioned class action complaint with similar allegations to the Spurlock Action. *Wolf v. Shutterfly, Inc. et al*, Docket No. 1:19-cv-01387 (D. Del. Jul 26, 2019) (the "Wolf Action"). Plaintiff Wolf—as the first-filed class action plaintiff[1]—was required to publish the requisite notice within 20 days after the date his complaint was filed to provide members of the putative class (the "Class") with the information required by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3) (A-B). On August 15, 2019,

[1] Three other actions related to the Transaction were filed in the Northern District of California: two class actions (*Cheung v. Shutterfly, Inc. et al*, Docket No. 3:19-cv-04540 (N.D. Cal. Aug 05, 2019); *Gordon v. Shutterfly, Inc. et al*, Docket No. 3:19-cv-04335 (N.D. Cal. Jul 29, 2019) and one individual action (*Stein v. Shutterfly, Inc. et al*, Docket No. 3:19-cv-04203 (N.D. Cal. Jul 22, 2019). All three actions have since been voluntarily dismissed.

counsel for Plaintiff Wolf caused the requisite notice to be published via *Globe Newswire*, a widely circulated national business-oriented wire service (the "Notice"). *See* Exhibit ("Ex.") A attached to the accompanying Declaration of Blake A. Bennett in Support of Bill Spurlock's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Bennett Decl.").[2] The Notice informed putative Class members that the deadline to move for Lead Plaintiff was sixty (60) days from the date of the notice, *i.e.*, October 15, 2019. *Id.*

On August 29, 2019, just two weeks after filing the Notice, Plaintiff Wolf voluntarily dismissed his action and the case was closed. Now, Spurlock moves in the above-captioned action pursuant to the PSLRA. *See* 15 USC 78u-4(3)(A)(i)(II) (stating that "any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Therefore, Spurlock respectfully requests that the Court appoint him as Lead Plaintiff and approve his counsel as Lead Counsel pursuant to the PSLRA. Spurlock should be appointed as Lead Plaintiff because: (1) Spurlock timely filed for appointment as Lead Plaintiff; (2) Spurlock has the largest known financial interest in this litigation; and (3) Spurlock meets the applicable requirements under Rule 23. *Infra* §§ I.A-D. Finally, Spurlock has retained experienced and competent counsel to represent the Class. As the "most adequate plaintiff" under the PSLRA, Spurlock's selection of Monteverde as Lead Counsel for the Class should be approved. *Infra* § II.

For the foregoing reasons, and as set forth in further detail below, Spurlock respectfully requests that the Court enter an Order appointing Spurlock as Lead Plaintiff pursuant to the PSLRA, approving Spurlock's selection of Monteverde as Lead Counsel for the Class, and granting such other and further relief as the Court may deem just and proper.

---

[2] All Exhibits referenced herein are annexed to the Bennett Decl., dated October 15, 2019, filed in support hereof.

# ARGUMENT

## I. SPURLOCK SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Notice Satisfies the PSLRA's Requirements

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notice requirement. 15 U.S.C. §§ 78u-4(a)(3). The notice requirement consists of two parts: (1) the plaintiff must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service; and (2) members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3) (A-B).

Here, counsel for Plaintiff Wolf published the required PSLRA notice within 20 days of filing the Wolf Action via *Globe Newswire* on August 15, 2019. *See* Bennett Decl., Ex. A. The Notice informed putative Class members of the pendency of the action and the nature of the claims. *Id.* The Notice also advised any Class member wishing to move for lead plaintiff that they must move the Court no later than 60 days from the date of the Notice, *i.e.* October 15, 2019.[3] *Id.*

Therefore, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS 115538, at *10 (E.D. La. Aug. 15, 2013) (noting publication via *Globe Newswire* sufficient).

### B. Spurlock's Motion is Procedurally Complete

Spurlock has timely filed his motion prior to the expiration of the lead plaintiff filing deadline. Moreover, as reflected in his certification, Spurlock bought 50 shares of Shutterfly's

---

[3] The actual text of the Notice states "no later than October 14, 2019." However, given the Court holiday on that date, the proper moving deadline is October 15, 2019. *See* F.R.C.P. 6.

common stock, and has confirmed his willingness and ability to serve as Lead Plaintiff. *See* Bennett Decl., Ex. B. Thus, Spurlock has satisfied the certification requirement set forth in 15 U.S.C. §§ 78u-4(a)(2)(A).

**C. Spurlock Has the Largest Known Financial Interest**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the candidate with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, in the context of Section 14 actions, "the plaintiff with the largest number of shares held is considered to have the largest financial interest." *Livonia Emples. Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417, at *5 (E.D. Mich. Sept. 14, 2016) (citing *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)); *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469, at *8 (N.D. Cal. Dec. 11, 2006) ("the candidate with the largest potential recovery would be the candidate who had bought the largest number of . . . shares.").

Here, Spurlock bought 50 shares of Shutterfly's common stock. Bennett Decl., Ex. B. All other Actions have been dismissed. Accordingly, Spurlock presumptively has the largest financial interest in the relief sought. *See Campbell v. Transgenomic, Inc.*, No. 4:17CV3021, 2017 U.S. Dist. LEXIS 216162, at *4 (D. Neb. Aug. 9, 2017) ("Campbell owns 800 shares of Transgenomic stock and no other person or group has sought to serve as lead plaintiff. Therefore, the Court finds Campbell has the largest financial interest in the relief sought.") (citing *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (concluding that when "no other persons have sought to

be appointed lead plaintiff," the movant has the largest financial interest in the relief sought by the class)).

**D. Spurlock Meets Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts have consistently held that at this stage the Rule 23 considerations are limited to the questions of typicality and adequacy. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The two provisions of that Rule that are relevant to [appointment of a lead plaintiff under the PSLRA] are 23(a)(3) and 23(a)(4). The former requires that a party seeking to represent a class have "claims or defenses [that] are typical of the claims or defenses of the class" [hereinafter "the typicality requirement"]. The latter mandates that a representative party be able to "fairly and adequately protect the interests of the class" [hereinafter "the adequacy requirement"]."). As detailed herein, Spurlock satisfies the typicality and adequacy requirements of Rule 23(a).

The typicality requirement is satisfied when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. *Id* at 265. The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. *See In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 602 (3d Cir. 2009) ("The adequacy inquiry has two components designed to ensure that absentees' interests are fully pursued. First, the adequacy inquiry tests the qualifications of the counsel to represent the class. The second component of the adequacy inquiry seeks "to uncover conflicts of interest between named parties and the class they seek to represent.") (internal citations omitted). "The adequacy

requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…" *In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263, 269 (S.D. Tex. 2004) (internal quotation marks omitted).

Here, Spurlock satisfies the typicality and adequacy requirements because he has alleged that Defendants solicited Shutterfly's shareholders with the same materially misleading Proxy statement that caused the same harm to himself and all those similarly situated. Additionally, there is no conflict between Spurlock's interests and those of the other putative class members.

Spurlock has also demonstrated his ability and zeal to prosecute the action by timely signing and submitting a certification identifying all transactions made in Shutterfly's common stock during the relevant time period and detailing his suitability to serve as Lead Plaintiff in this case. *See* Bennett Decl., Ex. B; *see also In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (Plaintiff's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011) (same). Additionally, Spurlock has retained qualified counsel experienced in litigating actions of this nature. *See* Bennett Decl., Ex. C (Monteverde Firm Resume). Therefore, Spurlock has made a *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements, and he should be appointed Lead Plaintiff.

## II. THE COURT SHOULD APPROVE SPURLOCK'S SELECTION OF MONTEVERDE AS LEAD COUNSEL

The PSLRA vests the lead plaintiff with the authority to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Courts have refrained from disturbing the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765, (D.N.J.

Sep. 20, 2017); *In re Nortel Networks Corp.*, No. 01-CV-1855(RMB), 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (quoting Statement of Managers, "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700).

Spurlock has selected Monteverde to be Lead Counsel for the Class. As reflected below, and in the firm's resume, Monteverde possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities and merger and acquisition class actions. *See* Bennett Decl., Ex. C. Indeed, the attorneys at Monteverde have been involved in a number of cases recovering substantial amounts of money for shareholders or investors through their litigation efforts, including in the selected list of cases below:

| TARGET COMPANY ACQUIRED | INCREASED CONSIDERATION OR SETTLEMENT FUND |
|---|---|
| Jefferies Group, Inc. (2015) | $70 million |
| Apollo Education (2017) | $54 million |
| EnergySolutions, Inc. (2014) | $36 million |
| American Capital (2018) | $17.5 million |
| Force Protection, Inc. (2012) | $11 million |
| Orchard Enterprises, Inc. (2014) | $10.725 million |
| Hansen Medical (pending approval) | $7.5 million |
| Comverge (2017) | $5.9 million |
| ClubCorp (2019) | $5 million |
| Mavenir Systems (2016) | $3 million |
| Syntroleum (2016) | $2.8 million |
| Transgenomic (pending approval) | $1.95 million |

Last year, in *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. Apr. 20, 2018), Monteverde persuaded the Ninth Circuit to split from five other circuits and five decades of precedent and lowered the standard of culpability under Section 14(e) of the Exchange Act to better protect shareholders.

Notably, Mr. Monteverde, who leads the legal team at Monteverde, has been recognized by Super Lawyers as a Rising Star in Securities Litigation in 2013 and 2017-2019, an award given to less than 2.5% of attorneys in a particular field. Mr. Monteverde has also been selected by Martindale-Hubbell as a 2017-2019 Top Rated Lawyer. Moreover, the attorneys at Monteverde regularly speak and/or write articles to educate the legal community regarding Securities and M&A class action litigation.

By virtue of their extensive experience litigating breach of fiduciary duty and securities class action cases in the context of corporate transactions like the Transaction, the attorneys at Monteverde possess thorough knowledge of the applicable substantive law at issue.

The cases referenced in Monteverde's firm resume reflect just a few of important achievements and experience in the area of transactional and shareholder rights litigation and demonstrate that Monteverde is more than qualified to serve as Lead Counsel in this case.

Accordingly, Monteverde is well qualified to represent the Class, and Spurlock requests that the Court approve his selection of Monteverde as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Spurlock respectfully requests that the Court appoint Spurlock as Lead Plaintiff pursuant to the PSLRA, approve Spurlock's selection of Monteverde as Lead Counsel for the Class, and grant such other and further relief as the Court may deem just and proper.

Dated: October 15, 2019

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel.: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Attorneys for Spurlock*

**COOCH AND TAYLOR, P.A.**

*/s/ Blake A. Bennett*
Blake A. Bennett (#5133)
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
Tel.: (302) 984-3800

*Attorneys for Spurlock*