## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BILL SPURLOCK, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-01387-LPS |
| Plaintiff, | Class Action |
| v. | |
| SHUTTERFLY, INC., RYAN O'HARA, THOMAS D. HUGHES, WILL LANSING, EVA MANOLIS, ANN MATHER, ELIZABETH RAFAEL, ELIZABETH SARTAIN, H. TAYLOE STANSBURY, BRIAN SWETTE, MICHAEL ZEISSER, and CHRISTOPHER NORTH, | |
| Defendants. | |

## UNOPPOSED MOTION TO WITHDRAW AND SUBSTITUTE LEAD PLAINTIFF

## INTRODUCTION

Pursuant to Rules 15(a)(2), 21, and 54(b) of the Federal Rules of Civil Procedure and the Court's inherent authority, lead plaintiff Bill Spurlock ("Mr. Spurlock") and movant Robert Garfield ("Mr. Garfield", and collectively with Mr. Spurlock, "Movants") move to withdraw Mr. Spurlock as lead plaintiff and substitute Mr. Garfield as the new lead plaintiff.

Counsel for Movants has conferred with counsel for the Defendants in this action, and Defendants do not oppose this motion.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

This is a putative securities class action against Shutterfly, Inc. ("Shutterfly") and its former directors (collectively, the "Defendants") for alleged violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9.

On August 15, 2019, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C.§ 78u-4, *et seq.* ("PSLRA"), the Shutterfly stockholder who filed the first complaint, Jack Wolf, published a notice via Globe Newswire informing Shutterfly stockholders of the action and the deadline to move for lead plaintiff. D.I. 6-1, Ex. A. Mr. Spurlock was the only movant for lead plaintiff, and the Court appointed him as such on November 5, 2019. D.I. 8. The Court also approved Mr. Spurlock's selection for lead counsel, Monteverde & Associates PC, and liaison counsel, Cooch & Taylor, P.A. *Id.*

On December 23, 2019, Mr. Spurlock filed an amended complaint. D.I. 14.

On February 10, 2020, the Defendants filed a motion to dismiss the amended complaint for failure to state a claim. D.I. 16. The opposition to Defendants' motion to dismiss is presently due on March 30, 2020. D.I. 11.

In their motion to dismiss, Defendants argue, *inter alia*, that Mr. Spurlock lacks standing to pursue a claim under Section 14(a) because he was a short-seller. D.I. 17 at 9-10. While Mr. Spurlock does not concede that Defendants' standing argument is correct, he recognizes that his status as a short-seller may complicate issues and expose him to unique defenses.[1] Accordingly, Mr. Spurlock seeks to withdraw as lead plaintiff, and to be replaced by Mr. Garfield. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 134 (S.D.N.Y. 2007) ("It is certainly within the lead plaintiffs' discretion and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class.").

Furthermore, Mr. Garfield, who purchased shares of Shutterfly on December 14, 2015 and held such shares continuously through the consummation of the merger at issue, *See* Declaration of Blake Bennett in Support of Motion to Withdraw and Replace Lead Plaintiff ("Bennett Decl."),

---

[1]    *See, e.g., In re Reliant Sec. Litig.*, No. H-02-1810, 2005 U.S. Dist. LEXIS 9716, at *31 (S.D. Tex. Feb. 18, 2005) ("Defendants' exact argument -- that short selling creates 'artificial shares,' that owners of 'artificial shares' do not have standing to bring suit, and that distinguishing owners of 'artificial shares' from other members of the class would create overwhelming individualized questions -- was recently rejected by one of the Federal judiciary's luminaries, Senior United States District Judge Robert E. Keeton, in *In re Polymedica Corp. Secs. Litig.*, 224 F.R.D. 27, 44-45 (D. Mass. 2004)."; *Zlotnick v. Tie Commc'ns*, 836 F.2d 818, 821 (3d Cir. 1988) ("Appellees challenge Zlotnick's standing to bring suit under the securities laws. They claim that since Zlotnick, in effect, sold his stock before he purchased it, he never owned any Technicom stock…Appellees' standing arguments are without merit. In *Blue Chip Stamps*, the Supreme Court limited the class of potential plaintiffs under § 10(b) to those who actually purchased or sold securities. Here, Zlotnick did both: he sold shares short, and he purchased shares later to cover that short sale. Therefore, he meets the technical standing requirements of the securities laws. The Court in *Blue Chip Stamps* noted that requiring a plaintiff to have actually purchased or sold stock to have standing may result in arbitrary distinctions…We hold that a short seller has standing to sue under the antifraud provisions of the securities laws."). While Defendants suggest the standing inquiry under Section 14(a) is different "under black letter law", they cite an unpublished opinion from the Eastern District of New York rather than any binding authority. D.I. 17 at 10 (citing *Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2012 U.S. Dist. LEXIS 140801, at *13 (E.D.N.Y. Sep. 28, 2012)).

Ex. A, has standing to pursue the claims at issue based upon the authority cited by Defendants. *See Bensinger*, 2012 U.S. Dist. LEXIS 140801 at \*13. And, as set forth in his accompanying certification, Mr. Garfield is prepared to serve as the new lead plaintiff in this action. *See* Bennett Decl., Ex. A.

Based on the foregoing, and the authority set forth below, Movants respectfully request that the Court allow Mr. Spurlock to withdraw as the lead plaintiff, and appoint Mr. Garfield as the lead plaintiff in this action.

## ARGUMENT

### I.   The Court Should Permit The Substitution Of A New Lead Plaintiff

"The central question on this motion is whether a lead plaintiff in a putative class action may…substitute in different proposed lead plaintiffs." *Wilson v. Quest Diagnostics Inc.*, No. 18-11960 (WJM), 2020 U.S. Dist. LEXIS 13190, at \*5 (D.N.J. Jan. 24, 2020). "Numerous courts in this Circuit and around the country routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances." *Id.*

Furthermore, while this action is governed by the PSLRA, "[t]he PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002) (granting permission to substitute new lead plaintiffs). "However, where a new lead plaintiff is willing to step forward, there is no need to start the [PSLRA appointment] process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required published notice." *Id.* at 120 n.5. As several courts have recognized:

> [T]he need to add representative plaintiffs may arise after a case has been initiated. It would turn securities litigation into a game of snakes and ladders to hold that any time a new plaintiff is added, the action must "go back to square one" and recommence the PSLRA lead plaintiff selection process. Relatedly, there is no indication that Congress intended such repetitive preliminaries to securities

3

litigation. The PSLRA's lead plaintiff provision is designed only to get cases off on the right foot.

*In re Portal Software Sec. Litig.*, No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178, at *14 (N.D. Cal. Mar. 9, 2005).

Additionally, several courts have permitted the substitution of a new lead plaintiff in actions governed by the PSLRA when the original lead plaintiff lacks standing. For example, in *In re Nat'l Austl. Bank Sec. Litig.*, 03 Civ. 6537 (BSJ), 2006 U.S. Dist. LEXIS 94162 (S.D.N.Y. Oct. 25, 2006), the defendants moved to dismiss the action on the basis that the sole lead plaintiff representing a putative class of domestic purchasers of securities lacked standing. *Id*. at *26. The court granted plaintiffs' counsel "leave to substitute a lead domestic plaintiff[.]" *Id*. at *29; *see also In re Nat'l Austl. Bank Sec. Litig.*, 2006 U.S. Dist. LEXIS 94163, at *13 (S.D.N.Y. Nov. 8, 2006) ("[W]hile the dismissed Lead Domestic Plaintiff individually had no viable claim, there may be someone in the purported ADR class who does. It was for this reason that the Court granted leave to substitute a lead domestic plaintiff. Because such leave was granted, and because a class may be certified in the future under a new representative, the action is live for jurisdictional purposes.").

Similarly, in *Johnson v. CBD Energy, Ltd.*, No. H-15-1668, 2016 U.S. Dist. LEXIS 87174 (S.D. Tex. July 6, 2016), the court appointed lead plaintiff Mahmmoud Sakhi "requested leave to add" another individual (Pankowski) "as the new lead plaintiff in the event that the Court were to find that Mr. Sakhi lacks standing." *Id*. at *2 n.1 (internal quotations marks omitted). The court found that Sakhi lacked standing, *id*. at *22, and granted "Pankowski's request for leave to amend the complaint and be substituted in as lead plaintiff[.]" *Id*. at *24.

Additionally, in *Morgan v. AXT, Inc.*, No. C04-04362 (MJJ) (N.D. Cal. Mar. 14, 2007) (Dkt. 93), the court granted a motion to substitute a new lead plaintiff who had not previously applied, where the motion was unopposed by defendants. *See* Bennett Decl., Ex. B.

4

## II.     The Court May Permit The Substitution Of Lead Plaintiff Via Rule 15, Rule 21, Rule 54(b), Or Its Inherent Authority

While the above-referenced authorities indicate that the substitution of a lead plaintiff may be accomplished via the filing of an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), the Court may also act pursuant to Rule 21, Rule 54(b), or its inherent authority.

Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." "While the rule is labeled 'misjoinder of parties,' its application is not limited to instances of misjoinder. Its scope is broader, affording courts discretion to shape litigation in the interests of efficiency and justice." *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (citing 4-21 Moore's Federal Practice 3d § 21.02(4) (2015)). "Indeed, 'the Court possesses broad discretion under Rule 21, Fed. R. Civ. P., to permit a change in the parties at any stage in the litigation.'" *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, No. 08-CV-5310 (DAB), 2016 U.S. Dist. LEXIS 153804, at *18 (S.D.N.Y. Nov. 4, 2016) (quoting *Andujar v. Rogowsk*i, 113 F.R.D. 151, 154 (S.D.N.Y. 1986)). "While the court may decline to add a new class representative when it would result in unfair prejudice to the defendant…Defendants do not claim that they would be prejudiced by the addition of [Mr. Garfield], and there is no reason to believe they would be." *N.J. Carpenters Health Fund*, 2016 U.S. Dist. LEXIS 153804 at *18-19. Accordingly, the Court should permit Mr. Garfield to proceed as the new lead plaintiff.

Additionally, some courts have invoked their inherent authority "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" as a basis to drop some parties from a lawsuit. *See Jose-Nicolas v. Berry*, No. 3:15-cv-964-NJR-DGW, 2018 U.S. Dist. LEXIS 198962, at *11 (S.D. Ill. Mar. 2, 2018) (quoting *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016)); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 2362 (3d ed.) ("The power to drop some plaintiffs or some defendants from the suit plainly exists, either in the Civil Rules or in the inherent power of the district court.").

Furthermore, the Court may revise its November 5, 2019 order appointing Mr. Spurlock as lead plaintiff pursuant to both Rule 54(b) and its inherent power. *See In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011).

Based on the foregoing authority, the Court may permit the requested substitution of lead plaintiff pursuant to Rule 15(a), Rule 21, Rule 54(b), or its inherent authority.

### CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court allow Mr. Spurlock to withdraw as the lead plaintiff, and appoint Mr. Garfield as the new lead plaintiff in this action.

Dated: March 13, 2020                           Respectfully submitted,

                                                **COOCH AND TAYLOR, P.A.**

**MONTEVERDE & ASSOCIATES PC**          /s/ *Blake A. Bennett*
Juan E. Monteverde                       Blake A. Bennett (#5133)
The Empire State Building                The Nemours Building
350 Fifth Avenue, Suite 4405             1007 N. Orange Street, Suite 1120
New York, NY 10118                       Wilmington, DE 19801
Tel.: (212) 971-1341                     Tel.: (302) 984-3800
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com     *Counsel for Mr. Spurlock and Mr. Garfield*
                                         *and Liaison Counsel for the Putative Class*

*Counsel for Mr. Spurlock and Mr. Garfield*
*and Lead Counsel for the Putative Class*

**GREENWICH LEGAL ASSOCIATES, LLC**
Adam Frankel
881 Lake Avenue
Greenwich CT 06831
Tel: (203) 622-6001
Email: afrankel@grwlegal.com

*Additional Counsel for Mr. Garfield*

6

## LOCAL RULE 7.1.1 AVERMENT OF COUNSEL

Pursuant to Local Rule 7.1.1, the undersigned hereby certifies that counsel for Movants has conferred with counsel for Defendants regarding the matters set forth in this motion, and Defendants do not oppose the requested relief.

*/s/ Blake A. Bennett*
Blake A. Bennett (#5133)

7